UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Tricia Terry, | ) |
|        Plaintiff, | ) |
| vs. | ) |
| | )   COMPLAINT |
| Labcorp of America Holdings | ) |
|        Defendant. | ) |

## INTRODUCTION

1. Plaintiff Tricia Terry (hereinafter referred to as "Plaintiff") brings this action against Defendant Labcorp (hereinafter referred to as "Defendant") based on Defendant's actions in discriminating against Plaintiff on the basis of her disability, national origin, and for retaliating against her in violation of the Americans with Disabilities Act, for retaliating against her for taking Family Medical Leave, and Title VII of the Civil Rights Act of 1964, as amended and for breach of contract and breach of contract with fraudulent intent.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1343 and 42 U.S.C. Section 2000e (5), this bring a proceeding to enforce rights and remedies secured under the Americans with Disabilities Act and Title VII of the Civil Rights Act of 1964, as amended. This Court also has pendant and supplementary jurisdiction over so much of this action as is based on state law.

3. Venue is proper in the Columbia Division, because the causes of action arose therein, the acts and practices complained of occurred there and it is where the Defendant does business and may be found.

## PARTIES

4. Plaintiff is an African American female citizen of the United States of America and Jamaica and resides in Lexington County, South Carolina. Plaintiff began her employment with Defendant in Richland County and at all relevant times worked for Defendant in Richland County.

5. Defendant is located in South Carolina, is a laboratory services business with operations in the State of South Carolina.

**Conditions Precedent**

6. Plaintiff has exhausted all administrative remedies and conditions precedent, including timeliness, deferral and all other jurisdictional requirements necessary for the maintenance of the foregoing action, all of which are more fully described below:

   a. On August 1, 2023, the Plaintiff filed a complaint with the South Carolina Human Affairs Commission alleging discrimination based on disability, retaliation, and national origin.
   b. On August 23, 2024, Plaintiff was issued a Notice of Right to Sue from the South Carolina Human Affairs Commission.

7. Plaintiff has timely filed the foregoing action within 120 days of the date on which she received the notice of right to sue described in Paragraph 6(b).

**FACTS**

8. Plaintiff began her employment with Defendant on or around November 2017. She was hired by the Defendant as a phlebotomy supervisor and at all times during the course of her employment performed her job well.

9. Plaintiff's supervisor was Jennifer Fitseloms (WF), Territory and Regional Manager at the time of her hire and at all times relevant to the Complaint.

10. On or mid to late 2022, Plaintiff began having problems with an employee Raven Pugh. Specifically, Pugh had incurred a litany of policy violations, including safety and general conduct violations.

11. In compliance with and reliance on Defendant's policies and procedures, Plaintiff verbally counseled Pugh numerous times and reported her to Fitseloms for her repeated policy violations.

12. On or about August 2022, Pugh worked with specimens and had her hair down and over her face. According to Defendant's policies and procedures, Pugh was required to have her hair up when working with specimens. Plaintiff brought it to Pugh's attention that she needed to have her hair up. Pugh then presented Plaintiff with a hair tie. With Pugh's consent, Plaintiff helped Pugh put her hair up to continue working with the specimens.

13. Between August 2022 and November 18, 2022, Plaintiff was forced to report Pugh for additional policy violations.

14. On November 18, 2022, Plaintiff cut down wallpaper with scissors. Pugh was present and complaining about having to work on holidays. At this time, Plaintiff interacted with Pugh,

2

who accused Plaintiff of saying she didn't like her. The plaintiff indicated that she did not say that. Plaintiff and Pugh joked around following this incident.

15. In December 2022, Pugh emailed the Defendant's Management Team, stating that Plaintiff threatened her and then quit her employment. These allegations were false and unsupported by the facts as Pugh was upset due to the many counseling sessions she had undergone by Plaintiff.

16. In January 2023, Plaintiff was contacted by Human Resources regarding Pugh's complaint and was questioned and, at all times, responded honestly and truthfully. During this period, Plaintiff continued to perform her job at a high level.

17. On or around February 10, 2023, Plaintiff left work for a FMLA approved medical leave due to back issues.

18. On or around July 27, 2023, Plaintiff called Defendant's "Action Line," which is an anonymous complaint line, and informed them that other employees were spreading false rumors about Plaintiff assaulting Pugh. The defendant took no action to address these complaints.

19. On or around July 31, 2023, Plaintiff sent a letter to Defendant requesting an ADA accommodation for her back issues.

20. On August 1, 2023, Plaintiff returned to work from medical leave on medical restrictions to do sedentary work. The plaintiff was terminated the same day.

21. On information and belief, Plaintiff's termination was pretextual and due to her disability (chronic back pain), retaliation for her taking Family Medical Leave, and due to her national origin, as Plaintiff is aware of her colleagues who do not suffer from disabilities and who are of American origin who had numerous performance issues and warnings, but were not terminated from employment.

## FOR A FIRST CAUSE OF ACTION
## ADA DISABILITY DISCRIMINATION

22. Each and every allegation set forth above is hereby repeated as fully incorporated herein.

23. Plaintiff is a "qualified individual with a disability" as defined in 42 U.S.C. Section 12102.

24. Plaintiff's medical condition (chronic back pain) constitutes a disability by and within the meaning of 42 U.S.C. Section 12102.

25. Defendant discriminated against Plaintiff by terminating her employment on account of her request for accommodations for her disability.

26. As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has suffered the loss of her job, emotional pain, suffering, inconvenience, and mental anguish.

27. Accordingly, Plaintiff is entitled to actual, compensatory, and punitive damages for the bringing of this action.

## FOR A SECOND CAUSE OF ACTION
## FMLA DISCRIMINATION

28. Each and every allegation set forth above is hereby repeated as fully incorporated herein.

28. Pursuant to the Family Medical Leave Act, Defendant is a covered employer under the Act. Plaintiff was an employee and eligible to take FMLA leave. Defendant employed more than fifty (50) employees. Further Plaintiff worked for Defendant at least twelve (12) months prior to when she needed leave and worked for at least 1, 250 hours of service.

29. Plaintiff alleges that her rights granted under FMLA were violated when Defendant terminated her employment in retaliation for her taking Family Medical Leave. Defendant knowingly violated the requirements of FMLA by granting her request for leave then terminating her when she attempted to return to her job. Defendant disregarded the law and, with animus, terminated Plaintiff.

30. The aforesaid discharge of Plaintiff's employment by the actions of Defendant, constitutes a violation of a clear mandate of public policy of the State of South Carolina as articulated in the South Carolina Human Rights Act and in violation of the Family Medical Leave Act of 1993 (42 U.S.C. Sec. 2601).

31. Accordingly, Plaintiff is entitled to compensatory damages in the nature of the value of her lost wages and benefits, front pay, together with interest thereon, as well as liquidated damages, and her reasonable attorney's fees for the bringing of this action.

## FOR A THIRD CAUSE OF ACTION
## NATURAL ORIGIN DISCRIMINATION

32. Each and every allegation set forth above is hereby repeated as fully incorporated herein.

33. Plaintiff is a member of a protected group on the basis of her national origin. Plaintiff was terminated based on her national origin in violation of Title VII of the Civil Rights Act of 1964, as amended (42 USC Sec. 2000e), the South Carolina Human Affairs Law, and the United States Equal Opportunity Act.

4

34. Plaintiff asserts that the unwanted treatment and termination she received were a mere pretext for the discrimination against Plaintiff based on her national origin.

35. In failing to protect Plaintiff from national origin discrimination, Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 USC Sec. 2000e), the South Carolina Human Affairs Law, and the United States Equal Opportunity Act.

36. Plaintiff's national origin was a determining factor in the disparate treatment and termination of Plaintiff.

37. Defendant's employment discrimination of Plaintiff has caused, continues to cause, and will cause Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, pain and suffering, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

38. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of the employment discrimination as alleged above.

39. Due to the acts of Defendant, its agents, and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, and payment for lost benefits.

## FOR A FOURTH CAUSE OF ACTION
## BREACH OF CONTRACT

40. Each and every allegation set forth above is hereby repeated as if fully incorporated herein.

41. Defendant publishes and maintains an employee handbook and/or policies and procedures, which definitely assures employees that they will be treated in an nondiscriminatory and fair manner.

42. Plaintiff relied on the promises contained in the employee handbook and other related policies governing fairness in the work place, and which prohibit the discriminatory and unfair treatment that she experienced working for the Defendant.

43. Defendant further states, in its handbook, that it will comply with the requirements of the law in implementing equal employment decisions.

44. Plaintiff and Defendant entered into a binding and valid contract whereby Plaintiffs relied on Defendant's policies and procedures pursuant to its employee handbook and the above policies, and procedures. Plaintiffs also relied on the Defendant's reassurance that it must follow

its Internal Equal Employment Opportunity policy in its treatment of its employees regarding its EEO policies and regarding investigations of allegations of wrongdoing.

45. Plaintiff agreed to fulfill the duties of her position in exchange for valuable consideration and salary with the promise of being protected from unlawful discrimination.

46. Plaintiff performed her job duties with due diligence, however Defendant, through its agents, unjustifiably failed to perform its duties by failing adhere to its promises of protection under the employee handbook to include the Defendant's EEO policies.

47. All of these actions violate the contractual anti-retaliation provisions within Defendant's employment handbook (contract), and other contractual policies and procedures of the Defendant.

48. Defendant's conduct, by and through their agents, were done in bad faith and breached the implied covenant of good faith and fair dealings that is implied in the employment contract.

49. As a result of Defendant's breach of contract, Plaintiff has suffered actual, compensatory, physical, mental, emotional and consequential damages stemming from the breach and other such damages as are allowable by law.

**FOR A FIFTH CAUSE OF ACTION**
**BREACH OF CONTRACT ACCOMPANIED BY A FRAUDULENT ACT**

50. Each and every allegation set forth above is hereby repeated as if fully incorporated herein.

51. Defendant publishes and maintains an employee handbook and/or other policies and procedures, which definitely assures employees that they will be treated in a nondiscriminatory and fair manner.

52. Plaintiff relied on the promises contained in the employee handbook and other related policies governing fairness in the work place and which prohibit the discriminatory and unfair treatment that she experienced working for the Defendant.

53. Defendant further states, in its handbook and/or other policies and procedures, that it will comply with the requirements of the law in implementing equal employment decisions.

54. Plaintiff and Defendant entered into a binding and valid contract whereby Plaintiffs relied on Defendant's policies and procedures pursuant to its employee handbook and the above policies, and procedures. Plaintiffs also relied on the Defendant's reassurance that it must follow its Internal Equal Employment Opportunity policy in its treatment of its employees regarding its EEO policies and regarding investigations of allegations of wrongdoing.

6

55. Plaintiff agreed to fulfill the duties of her position in exchange for valuable consideration and salary with the promise of being protected from unlawful discrimination.

56. Plaintiff performed her job duties with due diligence, however Defendant, through its agents, unjustifiably failed to perform its duties by failing adhere to its promises of protection under the employee handbook to include the Defendant's EEO policies.

57. All of these actions violate the contractual anti-retaliation provisions within Defendant's employment handbook (contract), and other contractual policies and procedures of the Defendant.

58. Defendant's conduct, by and through their agents, were done in bad faith and breached the implied covenant of good faith and fair dealings that is implied in the employment contract.

59. Defendant, by and through its agents, has failed to fulfill its obligation under its own written policies and has breached the terms thereof by reason of an intentional design on its part to defraud Plaintiff.

60. In furtherance of such intentional design, Defendant, through its agents, intentionally and maliciously placed Plaintiff in a position of being subjected to racial mistreatment under the guise of protecting Plaintiff from the same. It was readily apparent that Defendant's false reassurances were fraudulent as Defendant's continual violations of its own policy demonstrated.

61. Defendant's conduct, by and through its agents, was done in bad faith and breached the implied covenant of good faith and fair dealings that is implied in the employment contract and handbook.

62. As a direct and proximate result of Defendant's breaches of the Agency policies, the Agency Handbook and contract and procedures Plaintiff has been maligned and has suffered damages to include loss of sleep, mental anguish, emotional pain and suffering, and other compensatory, actual, and special damages due to the Defendant's failure to adhere to the terms of the policies established by the Defendant resulting in a breach of Plaintiff's employment contract accompanied by the above fraudulent acts as it relates to the Defendant.

## JURY TRIAL REQUESTED

63. Plaintiff requests a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court declares that Defendants' actions complained of herein violated the rights guaranteed to Plaintiff and issue its judgment:

(1) Declaring the actions complained of herein illegal;

(2) Issuing an injunction enjoining the Defendants, their agents, employees, successors,

attorneys and those acting in concert or participation with the Defendants, and at their direction from engaging in the unlawful practices set forth herein and any other employment practices shown to be in violation of Title VII of the Civil Rights Act, the Americans with Disabilities Act, the Family Medical Leave Act, and state and federal common laws to include breach of contract and breach of contract with fraud.

    (3) Awarding Plaintiff compensatory and punitive damages for each Cause of Action contained herein, which the jury should find appropriate as a result of the Defendant's unlawful discriminatory actions taken as the result of Plaintiff's race and other pled causes of action; including mental anguish, pain and suffering, harm to Plaintiff's economic opportunities, any back pay, front pay and future earnings with cost of living adjustments, prejudgment interest, punitive damages, fringe benefits, and retirement benefits;

    (4) Awarding Plaintiff her costs and expenses in this action, including reasonable attorney fees, and other litigation expenses; and

    (5) Granting such other and further relief as may be just and necessary to afford complete relief to the Plaintiff as this Court may deem just and proper.

                              RESPECTFULLY BY:

                              s/Aaron V. Wallace
                              Aaron V. Wallace (11469)
                              Wallace Law Firm
                              1416 Laurel Street, STE B
                              Columbia, SC 29210
                              PH 803-766-3997
August 28, 2024                Fax:839-218-5786